UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIE LEGER,

                            Plaintiff,

    -against-
                                                **SUA SPONTE**
                                                **REPORT &**
                                                **RECOMMENDATION**
                                                22-CV-7263 (JMA)(AYS)

TRANS UNION, LLC,

                            Defendant.
-----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On November 11, 2022, plaintiff Marie Leger ("Plaintiff"), commenced this action against Trans Union, LLC ("Defendant"), alleging violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681 et seq. (the "FCRA"). See Compl., Docket Entry ("DE") [1-2].

       For the reasons set forth below, and, in particular, the fact that Defendant will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that the action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

                                         BACKGROUND

       On November 30, 2022, Defendant removed this action from the Nassau County District Court of New York to the instant court. See DE [1]. Defendant answered the Complaint on December 5, 2022. See DE [6].

       On December 5, 2022 a telephonic initial conference was scheduled for January 9, 2023 at 11:30 AM. See DE [5]. On January 4, 2023, in light of Plaintiff's counsel's suspension in the

1

EDNY, the telephonic initial conference was cancelled. See Scheduling Order dated 01/04/2023. The undersigned ordered that the "matter be stayed for a period of 60 days for Plaintiff to obtain new counsel or for Plaintiff to decide to proceed pro se." Id. The undersigned further ordered that Plaintiff was "directed to communicate with this Court via letter on or before March 6, 2023 stating how Plaintiff will proceed in this matter." Id. Finally, Plaintiff was "advised that failure to communicate with this Court may result in this Court's recommendation to the District Court that the case be dismissed for failure to prosecute." Id. Plaintiff's outgoing counsel was directed to serve a copy of the order on Plaintiff and provide proof of service on ECF. Id. On January 6, 2023, Plaintiff's outgoing counsel filed a certificate of service indicating that Plaintiff was served a copy of the order via mail and email on January 5, 2023. See DE [7].

To date, Plaintiff has failed to communicate with this Court. Neither the Court nor defense counsel has received any communication from Plaintiff.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. As discussed above, Plaintiff has failed to comply with this Court's orders. Plaintiff has received ample notice that such conduct would result in dismissal. Additionally, Plaintiff has been specifically warned that failure to comply with this Court's order may result in a recommendation to the District Court that this case be dismissed for failure to prosecute. See Scheduling Order dated 01/04/2023. Although Plaintiff has been given opportunities to communicate with this Court, she has remained silent.

At this time, the Court and Defendant are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and her lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendant, who already bears the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendant's ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed for lack of prosecution, with prejudice, pursuant to Rule 41(b).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, Defense counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at her last known address(es) and to file proof of service on ECF by April 19, 2023. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an

extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      April 17, 2023

                                             /s/ Anne Y. Shields
                                             ANNE Y. SHIELDS
                                             United States Magistrate Judge